UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANTONIO BRISENO,

           Petitioner,

v.                                            Case No. 3:06-cv-5-J-20MMH

JAMES R. MCDONOUGH,[1]
et al.,

           Respondents.

_____

## ORDER OF DISMISSAL WITH PREJUDICE

Petitioner Antonio Briseno, an inmate of the Florida penal system who is proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1) pursuant to 28 U.S.C. § 2254 on January 3, 2006.[2] Petitioner challenges a 2001 state court (St. Johns County, Florida) judgment of conviction for sexual battery.

---

[1] James R. McDonough, the Interim Secretary of the Florida Department of Corrections, is substituted as the proper party Respondent for James V. Crosby, Jr., pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

[2] The Petition (Doc. #1) was filed in this Court on January 3, 2006; however, giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Petitioner handed it to prison authorities for mailing to this Court (December 23, 2005). See Houston v. Lack, 487 U.S. 266, 276 (1988). The Court will also give Petitioner the benefit of the mailbox rule with respect to his state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d).

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA). This law amended 28 U.S.C. § 2244 by adding the following new subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents contend that Petitioner has not complied with the one-year period of limitations as set forth in this subsection. See Respondents' Response to Petition (Doc. #6) (hereinafter Response). In support of their contentions, they have submitted exhibits.[3] Petitioner was given admonitions and a time frame to respond to the Response. See Court's Order to Show Cause and Notice to Petitioner (Doc. #5). Petitioner has filed a Reply (Doc. #8).

Petitioner Briseno was tried by a jury and adjudged guilty of sexual battery and sentenced to thirty (30) years of imprisonment. Ex. A; Ex. B, Judgment and Sentence, filed August 9, 2001; see http://www.dc.state.fl.us/ActiveInmates (website for the Florida Department of Corrections). On April 16, 2002, the appellate court per curiam affirmed without a written opinion. Ex. D. The mandate was issued on May 3, 2002. Id.

---

[3] The Court will hereinafter refer to Respondents' exhibits as "Ex."

3

Petitioner's conviction became final on July 15, 2002 (ninety days after entry of the judgment).[4] See Supreme Court Rule 13.3.[5] This was <u>after</u> the April 24, 1996, effective date of the AEDPA. Therefore, Petitioner had one year from the date his case became final to file the federal petition (July 15, 2003). His Petition, filed in this Court on December 23, 2005, would be untimely unless he could avail himself of one of the statutory provisions which extends or tolls the time period.

**The one-year period of limitations ran for over one year (July 16, 2002, until April 27, 2004)** until Petitioner filed his April 28, 2004, *pro se* motion for post conviction relief pursuant to Fla. R. Crim. P. 3.850. Ex. G. The trial court denied the motion, and the appellate court per curiam affirmed without a written opinion. Ex. H; Ex. J. On August 23, 2004, the mandate was issued. Ex. J.

Petitioner filed a second motion pursuant to Fla. R. Crim. P. 3.850 on June 10, 2005. Ex. K. The trial court summarily denied the motion finding that he had failed to file his motion within the two-year time limit as required by Rule 3.850, that no exception to the time limit applied and that had the motion been filed timely,

---

[4] Petitioner's May 17, 2002, state petition for writ of habeas corpus, alleging ineffective assistance of appellate counsel, was denied without mandate by the appellate court on June 10, 2002. Ex. E; Ex. F.

[5] Supreme Court Rule 13.3 states, in pertinent part, that "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate[.]"

4

it was meritless. Ex. L. The appellate court per curiam affirmed on August 23, 2005, and the mandate issued on September 9, 2005. Ex. N.

Any motions filed after the expiration of the one-year period of limitations do not toll the time period because there is no period left.[6] Here, Petitioner waited until after the one-year period of federal limitations had expired before he filed his first motion for post conviction relief in the state court. Petitioner, here, has not shown any justifiable reason[7] why the dictates of the

---

[6] "Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition like [Petitioner]'s that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.) (per curiam), cert. denied, 531 U.S. 991 (2000); Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001) (holding that, even though Florida law allows a prisoner two years to file a Rule 3.850 motion, the prisoner must actually have a properly filed state court petition or motion pending within the one-year period in order to toll the federal limitation period), cert. denied, 534 U.S. 1144 (2002).

[7] Equitable tolling is appropriate when a prisoner's petition is untimely "because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Johnson v. United States, 340 F.3d 1219, 1266 (11th Cir. 2003) (citations omitted), aff'd, 544 U.S. 295 (2005). The Eleventh Circuit has emphasized, however, that equitable tolling applies "only in truly extraordinary circumstances" and "is typically applied sparingly." Id. (citations omitted); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (citations omitted). Clearly, the burden is on Petitioner to make a showing of extraordinary circumstances that are both beyond his control and unavoidable even with diligence, and this high hurdle will not be surmounted easily. Howell v. Crosby, 415 F.3d 1250 (11th Cir. 2005), cert. denied, 126 S.Ct. 1059 (2006); Wade v. Battle, 379 F.3d at 1265 (citation omitted).

one-year limitations period should not be imposed upon him. Petitioner had ample time to exhaust state remedies and prepare and file a federal petition. Therefore, this Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

Therefore, it is now

**ADJUDGED:**

1. Respondents' Response (Doc. #6), in which they request the dismissal of the Petition, is **GRANTED**.

2. The case is **DISMISSED** with prejudice.

3. The Clerk of the Court shall enter judgment dismissing this case with prejudice.

4. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this ___ day of March, 2006.

_____
UNITED STATES DISTRICT JUDGE

sc 3/10
c:
Antonio Briseno
Ass't Attorney General (Casey)